IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CLARENCE CARR,                                    Civ. No. 1:25-cv-0719-AA

                    Plaintiff,                    **OPINION & ORDER**

        vs.

OREGON DEPARTMENT OF
HUMAN SERVICES; OREGON CHILD
WELFARE DIVISION; CITY OF
MEDFORD,

                    Defendants.
_____

AIKEN, District Judge:

    Self-represented Plaintiff Clarence Carr seeks to remove his own case from state to federal court and seeks leave to proceed *in forma pauperis* ("IFP"). For the reasons explained, this case is summarily REMANDED to Jackson County Circuit Court, and the Clerk of Court is directed to close this federal case. Plaintiff's IFP petition, ECF No. 2, is MOOT.

LEGAL STANDARD

    A district court has the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Self-represented (*pro se*) pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court should construe the pleadings of self-represented plaintiffs

liberally and give self-represented plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

DISCUSSION

Under federal question jurisdiction, a district court has jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have an independent duty to ascertain jurisdiction and may remand a case *sua sponte* for lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Any civil action brought in state court over which the Court has original jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing federal jurisdiction. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 847 (9th Cir. 2020). As courts of limited jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, Plaintiff bring an action under 42 U.S.C. §§ 1983 and 1985(3) against the State of Oregon and the City of Medford. Plaintiff initially filed his action in Jackson County Circuit Court on March 3, 2025. Plaintiff now seeks to remove his own case to federal court. But Plaintiff's removal is improper because only

defendants can remove actions from state to federal court.  *See* 28 U.S.C. §§ 1441 ("may be removed by the defendant"); 1443 ("may be removed by the defendant"); 1446 ("defendant or defendants desiring to remove"); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."). Plaintiff may not remove his own action to federal court.

Because Plaintiff's removal is improper, the Court *sua sponte* dismisses his claims for lack of federal jurisdiction.  The Court declines to review Plaintiff's IFP petition because it lacks jurisdiction to do so.

## CONCLUSION

For the reasons explained, this case is summarily REMANDED to Jackson County Circuit Court, and the Clerk of Court is directed to close this federal case. Plaintiff's IFP petition, ECF No. 2, is MOOT.

It is so ORDERED and DATED this  8th  day of May 2025.


 /s/Ann Aiken
ANN AIKEN
United States District Judge