IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CLARENCE CARR, | Civ. No. 1:25-cv-00719-AA |
| Plaintiff, | **OPINION & ORDER** |
| vs. | |
| OREGON DEPARTMENT OF HUMAN SERVICES; OREGON CHILD WELFARE DIVISION; CITY OF MEDFORD, | |
| Defendants. | |

AIKEN, District Judge:

Before the Court is self-represented Plaintiff Clarence Carr's Motion to Vacate the Court's Remand Order and to Reopen the Case. Pl. Mot., ECF No. 14.

This case came before the Court because Plaintiff sought to remove his own case from state to federal court. *See* Notice of Removal, ECF No. 1. The Court determined that the removal was improper because only defendants may remove actions from state to federal court. Opinion & Order at 2–3, ECF No. 12. *See* 28 U.S.C. §§ 1441(a) ("may be removed by the defendant"); 1443 ("may be removed by the defendant"); 1446(a) ("defendant or defendants desiring to remove"); *see also Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.").

Page 1 – OPINION AND ORDER

The Court *sua sponte* remanded the case to state court because it determined that it did not have subject matter jurisdiction to hear the case. Federal courts have an independent duty to ascertain jurisdiction and may remand a case *sua sponte* for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Because the Court's Remand Order was based on a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c), "it is not subject to review—either on appeal or on reconsideration by the district court." *Origo Financial Svcs. Inc. v. PAR Movie LLC*, No.: 2:24-cv-06439-AB-PD, 2024 WL 4502030, at *3 (C.D. Cal. Sep. 24, 2024); *see also* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."); *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) ("If . . . the district court had the power to remand *sua sponte* under section 1447(c), section 1447(d) would apply, and we would have no jurisdiction to review even if the remand was erroneous."). The Court thus lacks jurisdiction to reconsider its Remand Order and must deny Plaintiff's Motion.

## CONCLUSION

For the reasons explained above, the Court DENIES Plaintiff's Motion to Vacate the Remand Order and Reopen the Case, ECF No. 14.

It is so ORDERED and DATED this 5th  day of September 2025.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge