IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CLARENCE CARR, | Civ. No. 1:25-cv-0719-AA |
| Plaintiff, | **OPINION & ORDER** |
| vs. | |
| OREGON DEPARTMENT OF HUMAN SERVICES; OREGON CHILD WELFARE DIVISION; CITY OF MEDFORD, | |
| Defendants. | |

AIKEN, District Judge:

Before the Court is self-represented Plaintiff Clarence Carr's Second Motion to Vacate the Court's Remand Order. Pl. Second Mot., ECF No. 19.

This case came before the Court because Plaintiff sought to remove his own case from state to federal court. *See* Notice of Removal, ECF No. 1. The Court determined that the removal was improper because only defendants may remove actions from state to federal court. Opinion & Order at 2–3, ECF No. 12. *See* 28 U.S.C. §§ 1441(a) ("may be removed by the defendant"); 1443 ("may be removed by the defendant"); 1446(a) ("defendant or defendants desiring to remove"); *see also Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.").

Page 1 – OPINION AND ORDER

Plaintiff then filed a Motion to Vacate the Court's remand order, ECF No. 14. The Court denied the Motion to Vacate and explained that remand decisions are not reviewable. Opinion & Order at 2, ECF No. 18. Plaintiff returns with a Second Motion to Vacate, ECF No. 19.

As the Court already explained, because a plaintiff cannot remove his own case from state to federal court, the Court did not ever have jurisdiction to hear Plaintiff's case. That jurisdiction remained with the state court. Plaintiff now argues that he was a defendant in a prior state criminal case and that because he was actually a defendant, he *can* remove his case. Pl. Second Mot. at 4. But the state criminal case cited by Plaintiff (to prove that he is really a defendant) is irrelevant to this civil matter—a civil matter that Plaintiff initiated in the Jackson County Circuit Court, 25CV13571, on March 4, 2025. *See* Compl., ECF No. 1-1.

As explained by the Court in its Opinion remanding Plaintiff's case to state court, this Court did not ever have jurisdiction over Plaintiff's case because that jurisdiction remained with the state court. Opinion & Order at 2–3, ECF No. 12. And, as explained by the Court in its Opinion denying Plaintiff's First Motion to Vacate the Remand, because the Court did not ever have jurisdiction over Plaintiff's case—and does not now have jurisdiction over Plaintiff's case—the Court is precluded from reconsidering or vacating the remand. Opinion & Order at 2–3, ECF No. 18. 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court ... is not reviewable on appeal or otherwise." The review bar of § 1447(d) applies "to remands based on the grounds specified in § 1447(c), that is, a defect in removal

procedure or lack of subject matter jurisdiction." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 640 (2006) ("[W]e have relentlessly repeated that 'any remand order issued on the grounds specified in § 1447(c) [is immunized from all forms of appellate review], whether or not that order might be deemed erroneous by an appellate court.").

Plaintiff now argues that "the remand is void because . . . state proceedings . . . no longer exist." Pl. Second Mot. at 1. If that is the case, then the matter is moot. If Plaintiff has discovered new evidence, as he claims, or has identified flaws in the state court proceeding, Plaintiff can appeal the Jackson County Circuit Court's rulings to the state appellate courts. Even so, that does not change the fact that this Court did not ever have jurisdiction to hear Plaintiff's case because that jurisdiction remained with the state court. Because this Court does not now and never has had jurisdiction, it cannot vacate or reconsider its prior remand order.

Plaintiff is on notice that any further motions to vacate or reconsider this Court's prior remand will be denied.

## CONCLUSION

For the reasons explained above, the Court DENIES Plaintiff's Second Motion to Vacate the Remand Order, ECF No. 19.

It is so ORDERED and DATED this __7th__ day of October 2025.

      /s/Ann Aiken
      ANN AIKEN
      United States District Judge